IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BARBARA J. HOLMES, ) | |
| ) | |
| ) | CIVIL ACTION NO. 0:05-2720-RBH-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| JO ANNE B. BARNHART ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on July 10, 1997, alleging disability as of September 1993 due to bilateral carpal tunnel syndrome, back problems, and chest injuries or problems. (R.pp. 186-188, 195). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on February 1, 1999. (R.pp. 49, 132). The ALJ thereafter denied Plaintiff's claim in a decision issued April 21, 1999. (R.pp. 129-145). However, the Appeals Council remanded the case on June 18, 2001; (R.pp. 178-181); and supplemental hearings were held on June 27, 2002 and December 12, 2002. (R.pp. 54-126). The ALJ thereafter again denied Plaintiff's claim in a decision issued January 30, 2003. (R.pp. 24-34). This time, the Appeals Council denied Plaintiff's request



for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 10-13).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as

2



it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

A review of the record shows that Plaintiff, who was forty-two (42) years old when she alleges her disability began, has a twelfth grade education plus vocational training with past relevant work experience as a cosmetologist and owner/operator of a cosmetology business. (R.pp. 186, 212-213, 217, 253, 259). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. Further, Plaintiff was last insured for purposes of DIB on December 31, 1996. (R.p. 189). Therefore, to establish entitlement to DIB, Plaintiff must have been disabled prior to January 1, 1997. Johnson v. Barnhart, 434 F.3d 650, 655-656 (4th Cir. 2005); see 42 U.S.C. §§ 423(a) and (c).

After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff is unable to perform any of her past relevant work, she nevertheless retained the residual functional capacity to perform a significant range of sedentary work[1] through December 31, 1996, when her eligibility for DIB expired, and was therefore not entitled to disability benefits. (R.pp. 33-34). Plaintiff asserts that in reaching this decision, the ALJ erred by improperly considering and evaluating the opinions of Plaintiff's primary treating physician, by improperly evaluating Plaintiff's

---

[1]Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005).

3



subjective complaints of pain, by failing to include all of Plaintiff's impairments in the hypothetical presented to the vocational expert, and by generally improperly evaluating the medical record. Further, if outright reversal of the decision is not ordered, Plaintiff requests remand on several grounds, including failure to consider material evidence, relying in part on the Medical-Vocational Guidelines (i.e., the "Grids")[2] to deny benefits notwithstanding the presence of non-exertional impairments, and reliance on vocational testimony that is inconsistent with the Dictionary of Occupational Titles (DOT).

After careful review of the record and arguments presented, the undersigned agrees with the Plaintiff that the ALJ failed to adequately discuss and explain his findings in light of the evidence in the case with respect to the degree of Plaintiff's mental impairment, and that remand of the cause for further proceedings is therefore required. As correctly noted by the Plaintiff in her brief, one of the reasons for the initial remand of Plaintiff's claim by the Appeals Council was for the ALJ to further evaluate Plaintiff's mental impairment, to obtain evidence from medical experts, and to clarify the nature of Plaintiff's mental impairment. (R.pp. 179-181). In her brief supporting the decision, the Commissioner argues that this requirement was satisfied, and cites to an opinion from Dr. Bearce McCall, a state agency psychologist, who after review of Plaintiff's medical records issued an opinion on June 11, 1998 that Plaintiff did not have a severe mental impairment as of or before December 1996. (R.p. 242). See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)

---

[2]"The grids are matrices of the 'four factors identified by Congress -- physical ability, age, education, and work experience -- and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'" Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting Heckler v. Campbell, 461 U.S. 458, 461-462 (1983)). "Through the grids, the Secretary has taken administrative notice of the number of jobs that exist in the national economy at the various functional levels (i.e., sedentary, light, medium, heavy, and very heavy.)" Daniels, 154 F.3d at 1132.



[opinion of non-examining physician can constitute substantial evidence to support the decision of the Commissioner]. However, while cited by the Commissioner in her brief, Dr. McCall's opinion is nowhere to be found in the ALJ's decision, nor is there any indication that the ALJ relied on Dr. McCall's opinion in reaching his conclusions about the extent of Plaintiff's mental impairment. *Cf.* Algonquin Gas Transmission Co. v. FERC, 948 F.2d 1305, 1316 (D.C.Cir. 1991) (citing Motor Vehicles Mfrs. Ass'n v. State Farm Mut.Auto Ins. Co., 463 U.S. 29, 50 (1983) ["courts may not accept appellate counsel's post hoc rationalizations for agency action."]. See SSR 96-6p, 1996 WL 374180 at *1 ["Administrative law judges...may not ignore [State agency medical and psychological consultants and other program physicians and psychologists] opinions and must explain the weight given to these opinions in their decisions."]. Rather, the ALJ based his determination on the testimony of Dr. Paul Ginsberg at the hearing of June 27, 2002, although his reference to Dr. Ginsberg's testimony relates primarily to Ginsberg's finding that Plaintiff had a histrionic personality disorder but did not meet the criteria for a listed impairment.[3] (R.pp. 54-96); see (R.pp. 29-30).

After discussing this evidence, the ALJ found that, mentally, Plaintiff had only mild limitations in her activities of daily living, no impairment of social functioning, no deficiencies of concentration/persistence/pace, and no repeated episodes of deterioration. (R.p. 31). However, Dr. Ginsberg (the only mental health professional cited by the ALJ in his decision) opined at the June 2002 hearing that Plaintiff had slight limitations of activities of daily living, a slight to moderate impairment of social functioning, that she would "often" or "frequently" experience deficiencies of

---

[3]In the Listings of Impairments, "[e]ach impairment is defined in terms of several specific medial signs, symptoms, or laboratory test results." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). A claimant is presumed to be disabled if their impairment meets the criteria of an impairment set forth in the Listings. See 20 C.F.R. §§ 416.925, 416.926 (2003).

5



concentration/persistence/pace, and would have "repeated" episodes of deterioration. (R.pp. 91-92). As noted, these were not the ALJ's findings, but no explanation is given in the opinion as to why or how the ALJ came to a different conclusion than Dr. Ginsberg. Where medical evidence is to be discounted or given little weight, an explanation is required. Clifford v. Apfel, 227 F.3d 863, 870-871 (7th Cir. 2000); Morales v. Apfel, 225 F.3d 310, 317-318 (3rd Cir. 2000) [ALJ must explicitly weigh the evidence and explain his rejection of medical opinions]. Further, while Dr. Ginsberg testified at length with regard to a mental assessment of the Plaintiff by Dr. Avie Rainwater; see (R.pp. 274-275); the ALJ did not discuss or even mention Dr. Rainwater's opinion in his decision. See Cotter v. Harris, 642 F.2d 700 (3rd Cir. 1981) [listing cases remanded because of ALJ's failure to provide explanation or reason for rejecting or not addressing relevant probative evidence].

It could be argued that the ALJ limiting his hypothetical to work which only required simple, one and two step instructions, adequately addressed the limitations noted by Dr. Ginsberg. (R.pp. 117-118); *Cf.* Wood v. Barnhart, No. 05-432, 2006 WL 2583097 at * 11 (D.Del. Sept. 7, 2006) [By restricting plaintiff to jobs with simple instructions, the court concluded the ALJ adequately accounted for plaintiff's moderate limitation in maintaining concentration, persistence or pace]; Smith-Felder v. Commissioner, 103 F.Supp.2d 1011, 1014 (E.D.Mich. June 26, 2000) [hypothetical question including work involving only a mild amount of stress and only "simple one, two, or three step operations" properly comports with findings of ALJ as to plaintiff's moderate limitations in concentration, social functioning, and tolerance of stress]. However, it is not clear that simple, one and two step instructions adequately addresses "frequent" deficiencies in concentration/persistence/pace, and/or "repeated" episodes of deterioration; *cf.* (R.pp. 122-123); and whether Plaintiff could perform the jobs identified by the vocational expert with these more serious

6



impairments is therefore unknown, because that question was not asked. Ramirez v. Barnhart, 372 F.3d 546, 553-554 (3d Cir. 2004) [a requirement that a job be limited to one to two step tasks, as was stated in the hypothetical relied upon by the ALJ, does not adequately encompass a finding that Plaintiff often has deficiencies in concentration, persistence, or pace]; Kasarsky v. Barnhart, 335 F.3d 539 (7th Cir. 2003) [noting that nothing in hypothetical took into account frequent deficiencies of concentration, persistence, or pace]; Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) [hypothetical question submitted to the VE must state the claimant's impairments with precision]; Walker v. Bowan, 889 F.2d 47, 50-51 (4th Cir. 1989) [in order for a vocational expert's opinion to be helpful and relevant, it must be "based on the claimant's condition as gleaned from the entire record," and "it must be in response to proper hypothetical questions which thoroughly set out all of claimant's impairments"]; *cf.* Allen v. Sullivan, 880 F.2d 1200, 1201-1202 (11th Cir. 1989) ["The ALJ should have elicited testimony from a vocational expert to interpret and evaluate appellant's medically documented non-exertional psychological and emotional limitations, which included serious limitations in the exercise of judgment, making occupational adjustments, dealing with work stresses, concentrating, understanding, remembering and carrying out job instructions."]. In any event, as previously noted, such a degree of limitation was not what was found by the ALJ, with no rationale being given for the discrepancy in limitations between the medical opinions and the ALJ's decision. Therefore, remand of this case for the purpose of a proper evaluation of the medical evidence and explanation of the ALJ's findings with respect to the degree of Plaintiff's mental impairment is required.

       With respect to the remainder of Plaintiff's complaints concerning the decision, on remand the ALJ will be able to reconsider and reevaluate Plaintiff's credibility and the medical

7



record as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [On remand, the ALJ's prior decision has no preclusive effect, as the new hearing is conducted *de novo*].

### **Conclusion**

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for a proper evaluation and consideration of the relevant medical evidence, and for such further administrative action as is deemed necessary and appropriate. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993); Butts v. Barnhart, 388 F.3d 377 (2d Cir. 2004).

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

November 3, 2006

